BAUDILIA RODRÍGUEZ, Appellant, v. REGISTRAT OF PROPERTY OF MAYAGUEZ, Respondent.

No. 849.   Submitted June 5, 1931.—Decided February 17, 1932.

L. *Tirado Géigel* for appellant.   The registrar appeared by brief.

Mr. Justice Wolf delivered the opinion of the Court.

On the 25th of October, 1930, Baudilia Rodríguez presented to the registrar of Mayagüez an order for attachment (*embargo*) against a piece of property belonging to Gabriel Palerm, defendant in the suit in which the attachment was issued. The order was made by the Secretary of the District Court. The Registrar of Mayagüez refused to record the order on the ground that this is an order of the court in the usual terms issued by the clerk, who had no authority to do so. Baudilia Rodríguez appealed to this Court and the action of the registrar was affirmed. Upon refusing to record the order of the secretary of the district court, the registrar, as required by law, entered a cautionary notice of 120 days. The appeal of Baudilia Rodríguez was taken five days before this cautionary notice expired. Within five days after the affirmance of the note of the registrar, Mrs. Rodríguez presented to the registry of property of Mayagüez an order made by the marshal of the District Court of Mayagüez. The registrar refused to record the new order in a note that reads as follows:

"The conversion into final record of a cautionary notice for 120 days is refused because such notice having been entered on October 27, 1930, when the document before us was presented on April 10, 1931, such term had more than expired, and because although it is a fact that the appellant, instead of curing the defect noted in the original writ in this attachment proceeding within the time granted for its entry, appealed from the decision of the substitute registrar to the Supreme Court, noting on the margin of said entry the existence of such appeal, it is none the less true that the appeal was decided by an affirmance of the decision of the registrar, without the possibility of the marginal annotation referred to (which, by the way, is not authorized by the mortgage law nor by its regulations) being construed as an interruption of the term of 120 days entered on October 27, 1930, and CAUTIONARY NOTICE instead taken for 120 days in favor of the plaintiff Baudilia Rodríguez for the proper legal purposes, all of which appears on the back of folio 173 of volume 38 of Añasco, property number 1636, notice letter B. Mayagüez, April 10, 1931.

(Sgd.) A. Nazario Lugo."

The appellant maintains that the effect of the cautionary notice was suspended by reason of the appeal, and that, therefore, she had five days' time after the affirmance of the note within which to present the new order to the registry of property. The appellant relies on section 66 of the Mortgage Law, which in point of fact did suspend the running of the term and allowed the appellants from certain actions of the registrar to attempt to cure the defects. The appellant herein also said that the time of this suspension was extended to 120 days by General Orders.

The registrar, however, in an elaborate brief convinces us that under said section 66 it is only curable defects that could be so suspended, and cites authorities to the effect that the suspension could not ever be applied to a defect that was incurable. Galindo y Escosura, *Comentarios a la Legislación Hipotecaria de España,* vol. 2, pages 588 *et seq.*; Morell, *Comentarios a la Legislación Hipotecaria,* vol. 3, pages 296 *et seq.* The last named authority is a commentary on our own mortgage system to which we shall refer a little later.

In the case of incurable defects, the cautionary notice can never be anything more than a notice to third persons of the claim of the proposed registrant. The filing of a paper which has no right to be recorded can not give the proposed registrant an increased amount of rights. The utmost that he can expect is, as indicated by J. Morell y Terry, to notify third persons of the claim. The appellant by way of arguments says that if she did not have the privilege of suspending the effect of the cautionary notice the claims of other persons might arise as they have in this particular case. She draws attention to the fact that the debtor Palerm while the supposed attachment was pending sold his property. In our opinion, on the supposition that the sale was a genuine one, which is generally the case, far from aiding the appellant, the right of a person attaching could not rise superior to that of one who was prior in time. It amounts to the same thing *in pais* that the registrar is maintaining, namely, that

no one can hope for more than the annotation of 120 days to affect third persons. It would be a hardship on the public in general if a defective attachment or other matter could indefinitely suspend the rights of others to record.

We go a bit further. Even if the registrar had consented to the record of this order through the marshal made after the sale by Palerm, Rodríguez could not have obtained any superior rights by what might have been called the accidental record in the registry. As between Rodríguez and the purchaser of Palerm, if the latter was prior in time, his rights, if any, could not be destroyed by such a record.

The registrar maintains that section 66 of the Mortgage Law has been repealed, but that even if it had been in force, under article 82 of the Regulations the pendency of the appeal should have been noted on the margin of the record of presentation in order to acquire a suspensive effect, and so it seems.

The note will be affirmed.